I IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| JOHN D. MARTIN | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Case No._____ |
| | ) | |
| ALCOA, INC. | ) | |
| | ) | |
|     Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant, Alcoa Inc. ("Defendant" or "Alcoa"), pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446 would respectfully show this Court as follows:

1. On or about October 9, 2015, Plaintiff John D. Martin ("Plaintiff" or "Martin") filed a complaint against Defendant in the Circuit Court for Knox County, Tennessee, styled John D. Martin v. Alcoa, Inc., No. 1-534-15. Defendant was served with the Complaint through its registered agent on October 9, 2015. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached as Collective **Exhibit A** hereto copies of all process, pleadings, and orders served upon Defendant in this action, including a copy of Plaintiff's complaint and summons.

2. No other pleadings or papers have been served on the Defendant, and no further proceedings have been had in the Circuit Court for Knox County, Tennessee to date.

3. As of the date of the filing of the Complaint, and as of the date hereof, Plaintiff was and is a citizen and resident of Knox County, Tennessee. Likewise, as of the date of the filing of the Complaint, and as of the date hereof, Defendant was and is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in New York, New York.

4. This Court has original jurisdiction of the Complaint in the above-styled action pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Martin, who is a former Alcoa President, has alleged that as a result of Alcoa's discrimination and retaliation he has lost back pay, variable and long term incentive compensation, front pay, pension and other pecuniary benefits, as well as other non-pecuniary losses and attorney's fees, which in the aggregate would exceed $75,000.

5. Accordingly, because this Court has original jurisdiction over this action under 28 U.S.C. § 1332, removal of this case to this Court is proper under 28 U.S.C. § 1441.

6. Venue is proper in this district under 28 U.S.C. § 1446(a), as the United States District Court for the Eastern District of Tennessee, Northern Division is the federal district court for the district and division embracing the place where this removed state court action is pending.

7. This Notice of Removal has been filed with this Court within thirty (30) days of the service upon the Defendant of the Complaint and Summons in this action.

WHEREFORE, Defendant requests that this action be removed from the Circuit Court of Knox County, Tennessee to this Court.

DATED this 9th day of November, 2015.

Respectfully submitted,

BASS, BERRY & SIMS, PLC

s/ Robert W. Horton
Robert W. Horton (BPR# 017417)
Dustin T. Carlton (BPR# 032025)
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
bhorton@bassberry.com
dcarlton@bassberry.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded via the Court's Electronic Mailing System and U.S. Mail, postage prepaid, to the following:

Jay W. Mader
Paul E. Wehmeier
Arnett, Draper & Hagood, LLP
2300 First Tennessee Plaza
P.O. Box 300
Knoxville, TN 37901

on this 9th day of November, 2015.

s/ Robert W. Horton
Robert W. Horton