
# CT Corporation

**Service of Process Transmittal**
10/09/2015
CT Log Number 527962968

**TO:** Sam Haschets
Alcoa Inc.
201 Isabella St
Pittsburgh, PA 15212-5827

**RE:** Process Served in Tennessee

**FOR:** Alcoa Inc. (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John D. Martin, Pltf. vs. Alcoa, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cost Bond |
| **COURT/AGENCY:** | Knox County Circuit Court, TN<br>Case # 153415 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - 51 years of Age |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/09/2015 at 14:27 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of the summons, exclusive of the date of service |
| **ATTORNEY(S) / SENDER(S):** | Jay W. Mader<br>Arnett, Draper & Hagood, LLP<br>2300 First Tennessee Plaza<br>P.O. Box 300<br>Knoxville, TN 37901-0300<br>865-546-7000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/09/2015, Expected Purge Date: 10/14/2015<br><br>Image SOP<br><br>Email Notification, Sam Haschets samuel.haschets@alcoa.com<br><br>Email Notification, Regina Pursh regina.pursh@alcoa.com<br><br>Email Notification, Rachel Vopal rachel.vopal@alcoa.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 216-802-2121 |

Page 1 of 1 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT A

## STATE OF TENNESSEE
## THE CIRCUIT COURT FOR KNOX COUNTY

### SUMMONS

JOHN D. MARTIN,
  Plaintiff,

vs.

ALCOA, INC.
  Defendant.

FILED
2015 OCT 9 PM 1 55 No: 1-531-15

Jury Demand

CATHERINE F. QUIST
CIRCUIT COURT CLERK

To the above named defendant: C.T. Corporation System, as Registered Agent for ALCOA, INC.
800 S. Gay Street, Suite 2021
Knoxville, TN 37929-9710

  You are hereby summoned and required to serve upon **Jay W. Mader**, Plaintiffs' attorney, whose address is: 2300 First Tennessee Plaza, P.O. Box 300, Knoxville, Tennessee 37901-0300, an answer to the complaint served upon you within thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the Court either before or within a reasonable time after service. If you fail to do so, a judgment by default can be taken against you for the relief demanded in the Complaint.

Issued and attested this 9 day of Oct, 2015.


ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

_Catherine Shanks_
Catherine F. Shanks, Clerk

_signature_
Deputy Clerk

**NOTICE**

TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a Judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the Judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### SERVICE INFORMATION

To the Process Server: Defendant: **C.T. Corporation System, as Registered Agent for ALCOA, INC., 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710**

### RETURN

I received this summons on the _____ day of _____, 2015.
I hereby certify and return that on the _____ day of _____, 2015, I:
[ ] served this Summons and Complaint on the Defendant, **C.T. Corporation System, as Registered Agent for ALCOA, INC., 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710** in the following manner:

_____

[ ] failed to serve this Summons within thirty (30) days after its issuance because:

_____

_____
                          Process Server

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written **Request for Modification** to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial proceeding, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator (www.tncourts.gov)

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

Pat Carson, Compliance Officer
Knox County Human Resources Office
Suite 360, City-County Building
400 Main Street, Knoxville, Tennessee 37902
Voice Phone: (865) 215-2952    TTY: (865) 215-2497

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

Pamela Taylor, Manager/Coordinator
State Judicial ADA Program
Administrative Office of the Courts
Nashville City Center
Suite 600, 511 Union Street
Nashville, Tennessee 37219
Telephone (615) 741-2687    FAX: (615)741-6285

The Tennessee Judicial Branch's Americans with Disabilities Act Policy regarding access to judicial program, as well as a Request for Modification form may be found online at www.tncourts.gov.

# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

| | |
|---|---|
| John D. Martin, | ) |
|     Plaintiff, | ) |
| | ) Docket No. 1-534-15 |
| v. | ) Jury Demand |
| | ) |
| Alcoa, Inc., | ) |
| | ) |
|     Defendant. | ) |

FILED 2015 OCT 9 PM 1 55
CATHERINE F. QUIST
CIRCUIT COURT CLERK

## COMPLAINT

Plaintiff, John D. Martin ("Martin"), brings this case against Alcoa, Inc. ("Alcoa") to remedy age based discrimination and retaliation in violation of the Tennessee Human Rights Act, Tenn. Code Ann. §4-21-101, *et seq.*

### *Jurisdiction*

1. This Court has jurisdiction over Martin's claims pursuant to Tenn. Code Ann. §§ 4-21-311 and 16-10-101 as a court of general jurisdiction in the State of Tennessee.

### *Venue and Parties*

2. Martin is a fifty-one year old citizen of Knox, County Tennessee 37922.

3. Alcoa is an international aluminum manufacturer formed in the state of Pennsylvania with its principal office located at 390 Park Avenue, New York, NY 10022-4608. It maintains corporate offices at 1200 Riverview Towers, 900 South Gay Street, Knoxville, Tennessee 37902. A substantial part of the events or omissions giving rise to Martin's claims occurred in Knox County, Tennessee.

4. Alcoa's registered agent for service of process in Tennessee is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

*Facts*

5. Martin started working as a Mechanical Engineer for Alcoa in 1986 after graduating from West Virginia University and continues to work for Alcoa today. Martin is now fifty-one years of age and is being discriminated against by Alcoa because of his age. In addition, Alcoa has and continues to retaliate against Martin because he opposed age discrimination.

6. Martin has dedicated his entire career to Alcoa and has worked for the company for 29 years. He had a steady upward career path with six promotions in the last eleven years and received multiple awards and recognitions. Not long after hitting the age of fifty, however, Martin has been demoted, humiliated, embarrassed, and suffered significant and unwarranted loss in compensation because of his age and his efforts to oppose age discrimination.

7. At age forty-eight, Martin was promoted to President of Alcoa Global Primary Products – United States ("GPP-US") and relocated to Alcoa's corporate offices in Knoxville, Tennessee in February 2013. As President of GPP-US, Martin managed approximately 3,000 employees and oversaw the operations of (i) six smelters; (ii) five cast houses; (iii) a spent potlining facility; (iv) an alumina refinery; and (v) an atomizer. Martin received an Impact Award in March 2014 and celebrated his 50th birthday on April 28, 2014.

8. Despite his proven track record with Alcoa, Martin's superior, Robert Wilt (President of Global Primary Products and Executive Vice President for Alcoa), asked Martin in May 2014 about his retirement plans and the cost of the house he purchased in Knoxville after his relocation. Martin's job performance, however, was strong.

9. The company's performance management system includes two separate reviews each year to determine a final annual performance rating: a Mid Cycle Review and an End of

2

Cycle Review, and Martin received his Mid Cycle Review in June 2014. His review had two "Positive" ratings; one "High Positive" rating; and two "Exceptional" ratings. The Mid Cycle Review did not rate him as "Below Expectations" or "Unsatisfactory" in any competency nor did it note any area of improvement. Richelle Gregory, Director, Global Talent & Headquarters HR, in Knoxville, Tennessee completed Martin's Mid Cycle Review for Roy Harvey (then GPP Chief Operating Officer) who served as Martin's supervisor for the first half of 2014.

10. On June 12, 2014, Alcoa promoted Martin and increased his job grade to grade 27 from job grade 26 effective June 24, 2015. Martin continued to serve as President of GPP-US but received additional responsibilities and compensation. The company added (i) a coal fired power plant; (ii) four hydro dams; (iii) two coal mines; and (iv) a power marketing group to the other plants and locations managed by Martin. The letter awarding Martin the promotion was signed by Wilt and noted Martin would "continue to add tremendous value to the organization."

11. Wilt notified Martin about the promotion on the final day of the Company's June 2014 Quarterly Business Review Meeting which took place on June 9-12, 2014. The decision to promote Martin, however, would have been made prior to the meeting. Although his job grade increased, Alcoa did not give Martin an opportunity to compete for the position of Chief Operating Officer of Alcoa Global Primary Products. Martin was qualified for this job, but it was awarded to Tomas Mar Sigurdsson on June 30, 2014 without being posted.

12. During the Quarterly Business Review Meeting, the Chairman and Chief Executive Officer of Alcoa, Klaus Kleinfeld, made a presentation using a graph. As President of GPP-US, Martin attended the meeting along with other top management from across Alcoa. The graph presented by Kleinfeld compared employees' years of service to their age and showed that management was hiring older employees with fewer years of service remaining instead of

3

younger employees with more years of service. Kleinfeld chastised management and instructed them to hire younger employees who could stock the pipeline of talent and stay with the company longer than an older employee. Alcoa's website has multiple job openings for "New Grads" which appears to target employees in their early twenties and discourages older individuals from applying.

13. Some four months following the June Quarterly Business Review Meeting, Martin was notified on October 10, 2014 that he would no longer be President of GPP-US due to reorganization and, effective January 1, 2015, would be VP of Casting.

14. This new position was a demotion. In separate conversations, Sigurdsson and Chrystiane Junqueira (Vice President of Human Resources) assured Martin, however, the change was not a result of his performance, but a consequence of organizational change. Both also noted that Martin's compensation would remain the same. Junqueira even added, "Bob still loves you." Nonetheless, Alcoa never gave Martin a chance to compete for three other president positions in GPP which would have been lateral moves, and, after being notified of his demotion, Martin began to be excluded; bullied on hiring and placement decisions; and had decisions relating to his direct reports revised without his consent or input.

15. For example, Alcoa notified Martin on October 10, 2014 that he was excluded from personally attending the October 13, 2014 GPP organizational meeting in Los Angeles. This exclusion was professionally and personally humiliating. Martin had long been scheduled to attend the meeting and already was on the west coast. Martin further was the only person excluded from the meeting and was forced to participate by telephone.

16. During the meeting, Wilt lowered the performance ratings, and thus the compensation, of three of Martin's direct reports (each over 40 years of age) and overruled his

4

telephone feedback opposing the downgraded ratings. Then, in December, Wilt lowered the performance ratings, and thus the compensation, of an additional thirteen employees in Martin's chain of command without his input. Twelve of these additional employees were over 40 years of age. In stark contrast to his treatment of these older employees, Wilt protected the compensation of certain younger employees, including increasing the compensation of one younger employee to the maximum.

17. In October, Martin realized the divestiture of a different Alcoa plant would be complete in November, and he did not have an identified role for the plant manager who was over 40 years of age ("Plant Manager"). The Plant Manager had twenty-seven years of service with Alcoa. Martin expressed his concerns to Human Resources and the Legal Department and mentioned that he would speak to the Plant Manager.

18. Wilt subsequently instructed Martin, via text message on October 22, 2014, not to let the Plant Manager know he wouldn't have a job. Martin replied he wasn't going to do that, but he did want to get his thoughts on his future. Wilt's response was, "[n]o need to discuss future with him." Martin understood the Plant Manager would lose his job, so he discussed the issue with Human Resources and indicated the company was asking for a lawsuit. Martin took this position because of the Plant Manager's age, years of service, and ethnicity.

19. Human Resources subsequently took Martin's concerns to the Legal Department. Martin continued to search for a position for the Plant Manager, but, in December 2014, Junqueira called Martin and told him there was "no place in GPP for [the Plant Manager]" and "not [to] tie [Martin's] career to his." Martin's attempts to discuss his concerns regarding the Plant Manager and the legality of Alcoa's decisions with respect to the Plant Manager were protected activity under the Tennessee Human Rights Act.

5

20. In November 2014, Alcoa advised Martin that he would no longer be VP of Casting. The Company instead placed a 32 year old employee in the job with no plant management experience and put Martin in a job targeted for elimination— VP of Smelting. Because VP of Smelting would be phased-out, it was a much less desirable job.

21. Some two months later, in January 2015, Martin received an unexpected and unjustified "Below Expectations" rating on his End Cycle review. The rating was unwarranted and caused Martin to lose significant compensation. Martin had never received a "Below Expectations" rating during his 28 years with Alcoa; was never corrected or reprimanded; and was praised by both Wilt and Sigurdsson in August and September 2014, respectively. The "Below Expectations" rating was an intentional act of discrimination because of Martin's age and an act of retaliation because he opposed age discrimination against the Plant Manager.

22. Martin received a congratulatory e-mail in December regarding Martin's team who were finalists for the IMPACT awards to be held in Pittsburgh in March 2015, but Martin was excluded from the awards ceremony; not asked to represent his team as its 2014 leader; nor asked to participate in the accompanying global networking opportunities. Martin continues to be excluded from key business meetings, conference calls, and negotiations. Martin has been bypassed by Wilt and Junqueira in communications with his direct reports and frequently undermined.

23. In April 2015, Alcoa assigned a much younger, less experienced employee to a job Martin urged the company to award to the Plant Manager— Wenatchee plant manager. Even though the Plant Manager had applied for the job and had the perfect experience for the job, Alcoa hired a younger male employee in his thirties for the job who lacked the qualifications of

6

Case 3:15-cv-00500-TRM-HBG Document 1-1 Filed 11/09/15 Page 9 of 13 PageID #: 12

the Plant Manager. When Martin outlined why the Plant Manager would be the best candidate, he was told Wenatchee needed "a fresh set of eyes."

24. Martin has repeatedly notified Senior Management in Alcoa through the proper chain of command about these and other discriminatory and retaliatory actions.

*Count I*
*Age Discrimination*

25. Martin incorporates Paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. At all times pertinent hereto, Martin was over the age of 40 and protected by the Tennessee Human Rights Act.

27. Alcoa has demoted and reassigned Martin because of his age in violation of the Tennessee Human Rights Act.

28. As a direct and proximate result of Alcoa's discriminatory actions, Martin has suffered loss of income and benefits, humiliation, embarrassment, and emotional distress.

*Count II*
*Retaliation*

29. Martin hereby re-alleges and incorporates paragraphs 1-28 of this Complaint as though fully set forth herein.

30. The actions of Alcoa constitute unlawful employment retaliation in violation of the Tennessee Human Rights Act.

31. As a result of Alcoa's retaliatory actions, Martin has suffered humiliation, embarrassment and emotional distress as well as significant monetary loss due to loss of income and benefits.

7

*Request for Relief*

WHEREFORE, Martin respectfully requests he be awarded the following relief:

A. Alcoa be served with process and be required to answer this Complaint in accordance with the Tennessee Rules of Civil Procedure;

B. This Honorable Court declare the conduct of Alcoa to be in violation of Martin's rights under the Tennessee Human Rights Act and enjoin Alcoa from engaging in such conduct;

C. A jury be impaneled to hear and determine all issues in this case;

D. Martin be awarded damages including back pay, lost variable and long term incentive compensation, front pay, as well as loss of associated pension and other pecuniary benefits in such amounts as he may demonstrate himself to be entitled in accordance with the Tennessee Human Rights Act;

E. Martin be awarded damages for humiliation and embarrassment arising from the Alcoa's violation of the Tennessee Human Rights Act and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses pursuant to the Tennessee Human Rights Act;

F. Martin be awarded any and all appropriate prejudgment interest and attorney's fees incurred by him to pursue the protection of his rights;

G. Martin be awarded such further, other and general relief to which he may be entitled.

8

Respectfully Submitted,

ARNETT, DRAPER & HAGOOD, LLP

By: _____
Jay W. Mader, BPR #016199
Paul E. Wehmeier, BPR #030400
Attorneys for Plaintiff John D. Martin

ARNETT, DRAPER & HAGOOD, LLP
2300 First Tennessee Plaza
P.O. Box 300
Knoxville, Tennessee 37901-0300
(865) 546-7000 – Phone
(865) 546-0423 – Fax

9

## COST BOND

We acknowledge ourselves sureties for the costs arising out of the Complaint filed by John Martin in accordance with Tenn. Code Ann. §20-12-120.

ARNETT, DRAPER & HAGOOD, LLP

By: _____
Jay W. Mader

FILED
2015 OCT 9 PM 2 18
CATHERINE F. QUIST
CIRCUIT COURT CLERK

10